UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

David Hirsch,                                          Civil No. 07-4873 (DWF/RLE)

            Petitioner,

v.                                                 **ORDER AND MEMORANDUM**

Warden M. Cruz,

            Respondent.

---

David Hirsch, *Pro Se*, Petitioner.

Lonnie F. Bryan, Assistant United States Attorney, United States Attorney's Office, counsel for Respondent.

---

This matter is before the Court upon Petitioner David Hirsch's ("Petitioner") objections to Chief United States Magistrate Judge Raymond L. Erickson's Order directing that: (1) the Petitioner be granted leave to file a new pleading in this action, to be entitled a "Civil Complaint," which shall comply with the pleading requirements prescribed in Rules 8 and 11, Federal Rules of Civil Procedure, and Local Rule 9.3; (2) if Petitioner elects to file a civil Complaint in this action, then his new pleading must be accompanied by either (a) the filing fee for bringing a civil action in Federal Court–namely another $345.00, or (b) a properly completed application for leave to proceed *in forma pauperis*, together with the initial partial filing fee prescribed by Title 28 U.S.C. § 1915(b)(1); and (3) if the Petitioner has not satisfied all of the requirements

of the Order within 20 days of the date of the Order, then the action should be dismissed, without prejudice, pursuant to Rule 41(b), Federal Rules of Civil Procedure. Respondent filed a Response to Plaintiff's Exceptions to Order (Doc. No. 5).

The Court must modify or set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); Local Rule 72.1(b)(2). This is an "extremely deferential standard." *Reko v. Creative Promotions, Inc.*, 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Chakales v. Comm'r of Internal Revenue*, 79 F.3d 726, 728 (8th Cir. 1996) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). The Court denies Petitioner's appeal and affirms Chief United States Magistrate Judge Erickson's Order of December 26, 2007, as modified.

The Court finds that Chief United States Magistrate Judge Erickson's Order is neither clearly erroneous nor contrary to law.

Accordingly, **IT IS HEREBY ORDERED** that:

1.  Chief United States Magistrate Judge Raymond L. Erickson's Order of December 26, 2007 (Doc. No. 2) is **AFFIRMED** as follows:

    a.  That the Petitioner be granted leave to file a new pleading in this action to be entitled a "Civil Complaint," which shall comply with bringing a civil action in Federal Court–namely another $345.00, or (b) a

properly completed application for leave to proceed *in forma pauperis*, together with the initial partial filing fee prescribed by Title 28 U.S.C. § 1915(b)(1).

2. That, if the Petitioner elects to file a civil Complaint in this action, then his new pleading must be accompanied by either (a) the filing fee for bringing a civil action in Federal Court–namely another $345.00, or (b) a properly completed application for leave to proceed *in forma pauperis*, together with the initial partial filing fee prescribed by Title 28 U.S.C. § 1915(b)(1).

3. That, if the Petitioner has not satisfied all of the requirements of this Order, within twenty (20) days of the date of this Court's Order dated March 4, 2008, the Court will dismiss this case without prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure.

Dated:  March 4, 2008            s/Donovan W. Frank
                                 DONOVAN W. FRANK
                                 Judge of United States District Court

## MEMORANDUM

Chief United States Magistrate Judge Raymond L. Erickson has appropriately ordered that the Petitioner be granted leave to file a new pleading in this action, to be entitled a "Civil Complaint" which must comply with the pleading requirements set forth in Rule 8 through 11 of the Federal Rules of Civil Procedure and Local Rule 9.3.

Petitioner has objected to Chief Magistrate Judge Erickson's Order because he wants to file a habeas corpus action and, in so doing, requests an order which would require the Bureau of Prisons to designate Oregon for his place of release from prison, even though he was sentenced and convicted in the State of Iowa.

However, Petitioner's request does not challenge the fact or duration of his sentence.  Consequently, habeas corpus is not available to Petitioner.  Nonetheless, Petitioner objects to the Order, asserting that there is habeas corpus jurisdiction over conditions of his transfer to a Community Corrections Center ("CCC").  Contrary to the case that Petitioner cites, namely *Dyer v. United States*, 23 F.3d 1424 (8th Cir. 1994), Petitioner's claim here does not challenge the length of his confinement or execution of his sentence.  Rather, it challenges where he may serve his time in a CCC.

**Magistrate Judge Erickson's Order**

To the extent the Respondent has suggested to this Court that it address the merits of the action and then dismiss the habeas corpus petition, the Court declines to do so at this time to the extent it deems the request premature until such time as the Petitioner has the opportunity to either file a civil complaint or declines to do so.  In the event Petitioner declines to do so, the habeas petition will be dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Based upon the presentations and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court respectfully rejects Petitioner's

objections and exceptions and affirms the Order of Chief United States Magistrate Judge Raymond L. Erickson for the reasons stated.

D.W.F.